

**FILED**

**IN THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

NOV 15 2024 V)O

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GEORGE BROWN and CHARLES
SMITH,

               PLAINTIFFS,

VS.

MIDWEST EXPRESS CARE 2 INC.,
d/b/a MIDWEST EXPRESS CLINIC,
              Defendant.

CASE NO: ......................

1:24-cv-11805
Judge Steven C. Seeger
Magistrate Judge Laura K. McNally
RANDOM/ CAT 2

## COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### I. INTRODUCTION

1. This is an action seeks to protect the rights of individuals with disabilities to access public accommodations, as mandated by the Americans with Disabilities Act (ADA), the Chicago Human Rights Ordinance, and the Illinois Environmental Barriers Act. Plaintiffs George Brown and Charles Smith, both with significant mobility impairments, were denied basic access to necessary medical services due to the Defendant's disregard for legal accessibility standards to enforce the rights of individuals with disabilities to have equal access to public accommodations as required by the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., the Chicago Commission on Human Relations (CCHR), and the Illinois Environmental Barriers Act (IEBA), 410 ILCS 25.

2. Plaintiffs George Brown and Charles Smith visited Midwest Express Care on or about August 24, 2024, and were denied access due to the lack of accessible parking, curb ramps, and related facilities. Despite their disabilities, Midwest

Express Care failed to provide legally mandated accommodations, violating multiple provisions of federal, state, and local law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to this claim occurred in Chicago, Illinois.

## III. PARTIES

### A. Plaintiffs

5. Plaintiff George Brown is a 45-year-old resident of Chicago, Illinois who suffers from end-stage renal disease and requires dialysis three times a week. He holds an Illinois handicap placard for mobility assistance.

6. Plaintiff Charles Smith is a 52-year-old resident of Chicago, Illinois. He is an U.S. Army Ranger veteran, a Purple Heart recipient and a double amputee who served in the Afghanistan War. He requires van-accessible parking due to his disability.

### B. Defendant

7. Defendant Midwest Express Care 2 Inc. is a healthcare provider operating a clinic under the name Midwest Express Clinic, with locations including the one at Midwest Express Clinic, located at 219 W Chicago Ave, Chicago, IL 60654, which specializes in urgent care services.

## IV. FACTUAL ALLEGATIONS

## A. INCIDENT

8. On or before September 2, 2024, Plaintiffs sought medical assistance due to flu-like symptoms and contacted Midwest Express Clinic, where they were informed that no appointment was necessary and that they could utilize the clinic's designated parking spaces.

9. Upon arriving at the clinic, Plaintiffs observed the following issues with the parking lot, which failed to meet the 2010 ADA Standards for Accessible Design.

   1. Of the approximately 26 parking spaces available at the clinic, 8 to 10 are designated for use by Midwest Express Clinic. Despite serving the general public, the clinic failed to designate even one accessible parking space compliant with ADA Standards.

   2. None of the designated Midwest Express Clinic parking spaces provided accessibility features required for individuals with disabilities.

   3. Specifically, there were no accessible parking spaces, access aisle adjacent to parking spaces, or van-taccessible spaces available, as mandated by ADA regulations.

   4. There was no signage, either on the ground or posted, indicating the presence of accessible parking or van spaces, resulting in a complete lack of directional guidance for individuals with disabilities.

   5. Due to the lack of accessible parking and signage, Plaintiffs encountered significant barriers in accessing medical care at Midwest Express Clinic, impairing their ability to receive timely and necessary treatment.

10. Due to these severe accessibility deficiencies, both Plaintiffs were denied necessary medical care and were forced to leave the facility without treatment, compromising their health and well-being.

11. Mr. Smith, in particular, requires a designated van-accessible space with an accompanying access aisle to safely exit his vehicle. The absence of such accommodations at the clinic effectively barred him from accessing the medical services he urgently needed.

12. The clinic's failure to provide accessible parking spaces with appropriate access routes created hazardous conditions for disabled individuals. The lack of designated van-accessible spaces and safe entry points forced Plaintiffs and other individuals with disabilities to navigate unsafe, uneven areas and tight spaces, increasing the risk of falls, injuries, and vehicle accidents. This neglect demonstrates the clinic's disregard for ADA standards and exposes disabled patients to dangerous conditions while attempting to access essential medical care.

## B. LEGAL STANDARDS AND VIOLATIONS

13. Title III of the American with Disabilities Act (AD)unequivocally prohibits discrimination against individuals with disabilities in places of public accommodations. Under the ADA the ADA Standards for Accessible Design, public accommodations, including medical facilities such as Midwest Express Clinic, are required to provide accessible parking spaces. These spaces must strict guidelines concerning dimensions, signage, and location, ensuring

individuals with disabilities can safely access essential services. The Defendant's failure to adhere to these mandated standards represents a clear violation of federal law, underscoring its disregard for the rights and safety of individuals with disabilities.

14. The Illinois Human Rights Act (IHRA)  defines a disability as a determinable physical or mental characteristic that necessitates the use of a support device and is unrelated to the person's ability to use the public accommodation. By failing to provide accessible parking, the Defendants have violated Plaintiff's rights under both federal and state law.

15. The Defendant **Midwest Express Clinic,** has violated multiple provisions of the ADA, and the Chicago Human Rights Ordinance, by failing to ensure its facility meets accessibility standards.  This ongoing negligence is  not only breach of egal obligations; but also conveys a message of exclusion to disabled patients, depriving them of the access and dignity afforded to other patients.   These violations create significant barriers to essential barriers to essential healthcare services for individuals with disabilities.  The violations include, but are not limited to, the following:

    1.  Failure to provide accessible parking constitutes a violation of Section 208.2 of the 2010 ADA Standards for Accessible Design.

    2.  The absence of access aisles adjacent to accessible parking spaces constitutes a violation of Section 502.2, further inhibiting disabled individuals from safely entering and exiting their vehicles.

3. The lack of designated van-accessible parking spaces and appropriate signage constitutes a violation of Section 502.6.

4. As a direct and proximate result of these violations, Plaintiffs were denied access to necessary medical care endangering their health and well-being.

16. These ADA standards are essential to ensuring that businesses provide accessible environments for individuals with disabilities, like the Plaintiffs.

17. The Defendant is subject to the ADA as a healthcare provider and public accommodation.

## V. CAUSE OF ACTION

### Count I ADA Violation

18. Under the Americans with Disabilities Act ("ADA"), no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).

19. Discrimination, inter alia, includes:

a.     Failure to Make Reasonable Modifications: The Defendant failed to make necessary modifications in policies, practices, or procedures that will would ensure equal access for individuals with disabilities. Such modifications are required when they are necessary to provide disabled individuals with access to goods and services offered unless these changes would fundamentally alter the nature of the services provided. (42 U.S.C. § 12182(b)(2)(A)(ii).

b.      A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii).

c.      A failure to remove architectural barriers, and communication barriers: The Defendant has failed to eliminate structural and communication barriers in its facility that could have be easily addressed, preventing individuals with disabilities from safely accessing the premises.  This includes failure to provide accessible paths, entrances, and necessary modifications for effective use by those with mobility or communication needs, where removal of such barriers is readily achievable. (42 U.S.C. § 12182(b)(2)(A)(iv).

d.      A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path or travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope. 42 U.S.C. § 12183(a)(2).

20. (ADA) prohibits discrimination on the basis of disability in all areas of public life, including access to goods and services offered by places of public accommodation. Title III of the ADA specifically addresses requirements for accessible design in existing buildings.

21. The ADA Standards for Accessible Design, established by the Department of Justice, set forth specific guidelines for accessible parking spaces. Section 502 (Parking Spaces) mandates that:

    Width: Access aisles serving car and van parking spaces shall be 60 inches (1525 mm) wide minimum.

    Length: Access aisles shall extend the full length of the parking spaces they serve.

    Marking: Access aisles shall be marked so as to discourage parking in them.

22. By failing to provide accessible parking at their location Defendant violated Plaintiffs' rights under the ADA. The absence of accessible parking significantly limited the Plaintiffs ability to access the establishment and its services, thereby discriminating against her based on her disability.

23. Under the Illinois Human Rights Act (775 ILCS 5/1-103), Plaintiffs are entitled to reasonable accommodations, including accessible parking, to ensure her equal access to public accommodations. The Defendant's failure to provide such accommodations constitutes discrimination and a violation of her rights under state law.

24. Colorado Cross-Disability Coalition v. Hermanson Family Limited Partnership I, 264 F.3d 999 (10th Cir. 2001), establishes that the lack of accessible parking is a direct violation of the ADA, reinforcing the requirement for businesses to provide adequate accommodations.

25. Barden v. The City of Sacramento, 292 F.3d 1073 (9th Cir. 2002), underscores the necessity for public accommodations to strictly adhere to ADA standards, including those for accessible parking.

26. These cases support the Plaintiff's contention that Defendant's failure to provide adequate accessible parking constitutes a violation of the ADA and warrants corrective action.

## Count II Violations of the Illinois Accessibility Code (IAC)

### Lack of Accessible Parking Spaces:

27. The Defendant, Midwest Express Clinic, has failed to provide accessible parking spaces in accordance with the Illinois Accessibility Code, specifically Section 410. The Code mandates that a specified number of accessible parking spaces be provided based on the total number of parking spaces available. The absence of these designated spaces impedes individuals with disabilities from accessing the clinic's services.

### Absence of Access Aisles:

28. The parking lot at Midwest Express Clinic does not include the required access aisles adjacent to accessible parking spaces, in violation of Section 410.5 of the

Illinois Accessibility Code. These access aisles are essential for allowing individuals with disabilities to safely enter and exit their vehicles, thereby ensuring they can utilize the clinic's facilities.

**Inadequate Signage:**

29. The Defendant has not installed required signage, including "van-accessible" parking signage as mandated by Section 410.8 of the Illinois Accessibility Code. This signage is crucial for directing individuals with disabilities to available accessible parking spaces, facilitating their access to the clinic.

### Count III Violations of the 2010 ADA Standards for Accessible Design

**Non-Compliant Accessible Parking Spaces:**

30. The Defendant has failed to provide accessible parking spaces that comply with Section 208.2 of the 2010 ADA Standards for Accessible Design. Specifically, the parking lot lacks the minimum number of accessible spaces required based on the total parking capacity.

**Failure to Provide Access Aisles:**

31. In contravention of Section 502.2, the parking lot does not have access aisles next to accessible parking spaces. These access aisles are necessary to allow for the safe and efficient entry and exit of individuals with mobility devices.

**Lack of Designated Van-Accessible Parking Spaces and Signage:**

32. The absence of designated van-accessible parking spaces and corresponding signage violates Section 502.6 of the ADA Standards. Such spaces are crucial for individuals who require more room for accessibility, and the lack of proper signage further exacerbates the barrier to access for individuals with disabilities.

**Higher Standards for Healthcare Facilities:**

33. It is imperative that healthcare facilities, such as Midwest Express Clinic, are held to higher standards of accessibility due to the vulnerable nature of their clientele. Many patients require additional support and accommodations, underscoring the necessity for compliant facilities that provide equitable access to healthcare services.

**Impact of Non-Compliance:**

34. The failure to provide adequate accessible parking directly affects patients' access to necessary medical care. In this case, Plaintiffs George Brown and Charles Smith were compelled to forgo their medical visit due to the absence of accessible parking options. This not only hinders their ability to receive timely care but also exacerbates health disparities for individuals with disabilities.

### Count IV Violation of the Illinois Human Rights Act

35. The Illinois Human Rights Act prohibits discrimination based on disability in places of public accommodation (775 ILCS 5/5-102).

36. By failing to provide accessible parking, Defendant has violated Plaintiffs' rights under the Illinois Human Rights Act.

`

37. The deficiencies outlined above in the parking facilities at Midwest Express Clinic represent clear violations of both the Illinois Accessibility Code and the 2010 ADA Standards for Accessible Design. Given the critical nature of healthcare services, the clinic must adhere to a higher standard of accessibility to ensure that all individuals, particularly those with disabilities, have equitable access to necessary medical care.

## 1. EXHIBITS

38. Exhibit A: The 2010 ADA Standards for Accessible Design specifying the dimensions for access aisles.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiffs, filing pro se, respectfully request that the Court grant the following relief:

a. A declaration that Defendant has violated the Americans with Disabilities Act (ADA), and applicable state and local accessibility laws, including the Illinois Accessibility Code and Chicago Human Rights Ordinance, which collectively guarantee Plaintiffs' right to accessible and equal services.

b. An order compelling Defendant to take immediate and appropriate steps to bring its facility into compliance with the ADA and other applicable accessibility standards, including the removal of barriers that currently prevent equal access for individuals with disabilities.

c. An order requiring Defendant to address and remedy discriminatory practices, ensuring compliance with federal and state accessibility standards moving forward.

d. An award of reasonable fees and cost incurred in this action for non-legal professionals and vendors whose services were essential in preparing this case.

e. Any other relief that the Court deems just and proper to ensure Plaintiffs' right to full and equal access to Defendant's services.

39. Plaintiffs intends to pursue additional compensatory damages through a separate complaint with the Chicago Commission on Human Relations (CCHR) for emotional distress and other harms resulting from Defendant's actions.

## JURY DEMAND

40. Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: 11-15-24

Respectfully submitted,

By:

**GEORGE BROWN**
*Pro Se*

Dated: 11-15-24

Respectfully submitted,

By: Charles Smith

**CHARLES SMITH**
*Pro Se*

# ADA 360 ASSESSMENT REPORT

## Location:

Midwest Express Clinic,
219 W Chicago Ave, Chicago, IL 60654

## Date of Evaluation:

November 7, 2024

## Evaluator:



ADA Site Assessment Consultant,
ADA 360, LLC

## Contact Information:

ADA 360, LLC

## Phone:

888-ADA-0203

## Email:

info@ADA360.net

## Address:

25 First Ave. SW, Suite STE,
Watertown, SD 57201, United States



# ADA 360 ASSESSMENT REPORT

## Location:
Midwest Express Clinic,
219 W Chicago Ave, Chicago, IL 60654

## Date of Evaluation:
November 7, 2024

## Evaluator:



ADA Site Assessment Consultant,
ADA 360, LLC

## Contact Information:
ADA 360, LLC
### Phone:
888-ADA-0203
### Email:
info@ADA360.net
### Address:
25 First Ave. SW, Suite 5TE,
Watertown, SD 57201, United States

ADA360

# SUMMARY

The Midwest Express Clinic, located at 219 W Chicago Ave, was evaluated on November 7, 2024, for compliance with the Americans with Disabilities Act (ADA) 2010 Standards for Accessible Design, the Illinois Environmental Barriers Act (EBA), the Chicago Commission on Human Relations Ordinance (CCHRO), and the Illinois Department of Human Rights (IDHR) guidelines.

The parking lot contains a total of 33 spaces, with 9 designated for Midwest Express Clinic. Significant non-compliance issues were identified, particularly in the areas of accessible parking, access aisles, accessible routes, and van-accessible spaces.





# FINDINGS AND VIOLATIONS

## 1. ACCESSIBLE PARKING
### (2010 ADA Standards, Section 208.2 & Illinois EBA, Section 400.320)

**Observation:** None of the 33 parking spaces in the lot are designated as accessible parking spaces.

**ADA Requirement:** A lot with 33 spaces is required to have at least two accessible parking spaces, one of which must be van-accessible.

**Violation:** The lack of accessible parking spaces directly violates both the ADA and Illinois EBA standards.





## 2. VAN-ACCESSIBLE PARKING
### (2010 ADA Standards, Section 208.2.4 & Illinois EBA, Section 400.320)

**Observation:** None of the designated 9 spaces for Midwest Express Clinic are van-accessible, nor is there a van-accessible space in the entire lot.

**ADA Requirement:** At least one accessible space in a lot of this size must be van-accessible, with an 8-foot access aisle.

**Violation:** The absence of a van-accessible space fails to meet ADA and Illinois EBA requirements.





4

# 3. ACCESS AISLES
## (2010 ADA Standards, Section 502.3 & Illinois EBA, Section 400.320)

Observation: There are no marked access aisles adjacent to any parking spaces in the lot.

ADA Requirement: Accessible parking spaces must have an adjacent access aisle at least 5 feet wide to facilitate wheelchair maneuvering.

Violation: The lack of access aisles does not comply with ADA standards and limits access for individuals using mobility aids.





5

# 4. ACCESSIBLE ROUTE FROM PARKING LOT TO CLINIC ENTRANCE
## (2010 ADA Standards, Section 206.2.1 & Illinois EBA, Section 400.310)

Observation: The parking lot is located across the street from the clinic, but there is no designated accessible route or marked crosswalk to allow safe access to the clinic entrance.

ADA Requirement: A safe, accessible route with curb cuts and a crosswalk must be provided from the parking lot to the building entrance.

Violation: The lack of an accessible route from the parking area to the clinic's entrance is non-compliant with ADA standards and Illinois EBA requirements.





# 5. CURB CUTS AND CROSSWALKS
## (2010 ADA Standards, Section 406.7 & Illinois EBA, Section 400.330)

**Observation:** There are no curb cuts or marked crosswalks from the parking lot to facilitate wheelchair access across the street to the clinic.

**ADA Requirement:** Accessible curb ramps or curb cuts must be present at the street crossing points to ensure safe access for individuals with disabilities.

**Violation:** The absence of curb cuts and crosswalks presents a significant barrier for wheelchair users and violates ADA and Illinois EBA standards.





# 6. PARKING SIGNAGE
## (2010 ADA Standards, Section 216.5 & Illinois EBA, Section 400.440)

Observation: There is no signage indicating accessible parking spaces, van accessibility, or directions for accessible routes.

ADA Requirement: Clear and visible signage is required to identify accessible parking spaces and indicate van accessibility.

Violation: The absence of accessible signage fails to meet ADA standards and violates Illinois EBA requirements for proper identification of accessible features.






# 7. GROUND AND SURFACE CONDITIONS
## (2010 ADA Standards, Section 502.4 & Illinois EBA, Section 400.320)

Observation: The surface of the parking lot appears uneven and does not meet the requirements for a stable, firm, and slip-resistant surface.

ADA Requirement: Accessible parking spaces and paths must have a firm, stable surface suitable for wheelchair mobility.

**Violation:** An uneven surface condition does not comply with ADA guidelines for safe and accessible ground surfaces.





9

# VIOLATIONS UNDER THE CHICAGO COMMISSION ON HUMAN RELATIONS ORDINANCE (CCHRO) AND THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR)

## 1. CHICAGO COMMISSION ON HUMAN RELATIONS ORDINANCE (CCHRO) PUBLIC ACCOMMODATION ACCESSIBILITY
(Chapter 2-160-070)

**Violation:** The clinic's failure to provide accessible facilities, including parking, curb cuts, and accessible routes, constitutes discrimination under CCHRO, which mandates accessibility in public accommodations.



## 2. CCHRO REASONABLE ACCOMMODATION
## (Chapter 2-160-030)

**Violation:** The lack of accessible modifications, such as designated accessible parking and curb cuts, restricts access for individuals with disabilities, violating CCHRO standards for reasonable accommodation in public spaces.





## 3. ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR) PUBLIC ACCOMMODATION REQUIREMENT (775 ILCS 5/5-102)

**Violation:** The Illinois Human Rights Act requires equal access for individuals with disabilities in public accommodations. The clinic's lack of accessible facilities violates this mandate by denying equal access.





12

# 4. IDHR REASONABLE MODIFICATION AND AUXILIARY AIDS

**Violation:** IDHR guidelines require public accommodations to provide necessary modifications and auxiliary aids. The absence of accessible parking, access routes, and proper signage constitutes a failure to make such accommodations.





# CONCLUSION

**The Midwest Express Clinic at 219 W Chicago Ave, Chicago, IL,** is currently in violation of multiple accessibility regulations under the 2010 ADA Standards for Accessible Design, Illinois Environmental Barriers Act (EBA), Chicago Commission on Human Relations Ordinance (CCHRO), and Illinois Department of Human Rights (IDHR) guidelines. The lack of accessible parking spaces, access aisles, an accessible route from the parking lot, curb cuts, crosswalks, and proper signage creates significant barriers to access for individuals with disabilities. Immediate corrective actions are recommended to bring this location into compliance and ensure equal access for all individuals.





14



## PREPARED BY:



**ADA Site Assessment Consultant**

**ADA 360, LLC**





15

